UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTOIN JOHNSON, )
)
    Plaintiff, )
)
vs. )
) No. 4:14-CV-1069 (CEJ)
MERS-GOODWILL, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss Count II of plaintiff's complaint as untimely filed. Plaintiff has not filed a response and the time allowed for doing so has expired.

### I.    Background

On April 17, 2014, plaintiff filed this action against her former employer, Mers-Goodwill, asserting claims of sex discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. § 213.010 *et seq*. In the complaint, plaintiff states that she received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) on January 17, 2014 and from the Missouri Commission on Human Rights (MCHR) on February 14, 2014. Plaintiff did not attach copies of the right to sue notices to her complaint.

On June 16, 2014, defendant filed a motion to dismiss Count II of plaintiff's complaint. In support, defendant argued that (1) the retaliation claim was not timely filed under Title VII; and (2) plaintiff failed to receive a right-to sue-notice from the MCHR. [Doc. #7]. On July 11, 2014, defendant filed an amended motion to dismiss, stating that the MCHR did, in fact, issue a right-to-sue notice for plaintiff's retaliation

claim, but argues that the instant lawsuit was not timely filed under the MHRA. [Doc. #10].

II. Discussion

Title VII requires a plaintiff to file a lawsuit within ninety days of *receiving* a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to commence suit within the ninety-day time period renders the action untimely. Littell v. Aid Ass'n for Lutherans, 62 F.3d 257 (8th Cir. 1995). Attached to defendant's amended motion to dismiss is a copy of the right-to-sue notice issued by the EEOC for plaintiff's retaliation claim. [Doc. ##11-4, Ex. D; 11-5, Ex. E]. The notice states that it was mailed to plaintiff on January 31, 2013. Plaintiff filed the instant suit 441 days later on April 17, 2014. As noted above, plaintiff has not responded to the motion to dismiss and, therefore, there is no claim of delay in plaintiff's receipt of the right-to-sue notice. Thus, plaintiff's retaliation claim under Title VII is untimely.[1]

The MHRA requires a plaintiff to file a lawsuit within ninety days of the date the MCHR *issues* the right-to-sue notice. Mo. Rev. Stat. § 213.111.1; Hutcheson v. Elec. Data Access Technologoes, Inc., 327 S.W.3s 622, 625 (Mo.App. E.D. 2010). Attached to defendant's amended motion to dismiss is a copy of the right-to-sue notice issued by the MCHR for plaintiff's retaliation claim. [Doc. #11-6, Ex. F]. The notice states that

---

[1] Plaintiff alleges in the complaint that she received the EEOC's right-to-sue notice on January 17, 2014. However, that notice pertains to plaintiff's sex discrimination claim (Count I), not her retaliation claim. See Doc. ##11-1, Ex. A, 11-2, Ex. B.

it was issued on March 12, 2013. Because the ninety-day period expired on June 10, 2013, plaintiff's retaliation claim under the MHRA is also untimely.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's amended motion to dismiss Count II of the complaint [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that defendant's original motion to dismiss Count II of the complaint [Doc. #6] is **moot**.

An order of dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2014.

---

[2] Plaintiff alleges that she received the MCHR's right-to-sue notice on February, 2014. However, that notice pertains to plaintiff's sex discrimination claim (Count I), not her retaliation claim. See Doc. #11-3, Ex. C.