UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOIN DENISE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1069 (CEJ) |
| | ) |
| MERS-GOODWILL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's amended motion to compel. Plaintiff has not responded, and the time for doing so has expired.[1]

**I. Background**

On April 17, 2014, plaintiff filed this action against her former employer, MERS/Goodwill, asserting claims of sex discrimination (Count I) and retaliation (Count II), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, and the Missouri Human Rights Act (MHRA), Mo. Rev. Sta. §§ 213.010 *et seq.* Count II was dismissed as untimely for failure to exhaust administrative remedies. A case management order was entered on September 25, 2014.

On October 10, 2014, MERS/Goodwill served plaintiff with interrogatories and requests for production of documents. Among other things, defendant requested production of federal tax returns and related schedules for the period subsequent to the termination of plaintiff's employment. In recognition of plaintiff's *pro se* status, counsel for defendant enclosed letters with the written discovery explaining

---

[1] Defendant sought an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) in its initial motion to compel. However, defendant did not renew this request in its amended motion to compel. Thus, the Court deems the request abandoned.

1

plaintiff's obligations under the Federal Rules of Civil Procedure. In her response to the document production request, plaintiff objected to producing the requested tax records. In phone calls with defense counsel, plaintiff stated she believes the tax records are irrelevant and would not produce the records without a court order. Defendant now seeks an order compelling plaintiff to produce her 2013 federal income tax returns with associated schedules.

## II. Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In determining the discoverability of tax returns, district courts within the Eighth Circuit utilize a two-part test. See, e.g., Sowers v. Gatehouse Media Mo. Holdings, Inc., No. 4:08-CV-633 (TIA), 2009 WL 1106946, at *1 (E.D. Mo. Apr. 23, 2009); PSK, L.L.C. v. Hicklin, No. C09-0105, 2010 WL 2710507 (JSS), at *2 (N.D. Iowa July 8, 2010). First, the court must consider whether the tax return is relevant to the subject matter in dispute. Eggering v. MHP, Inc., No. 4:10-CV-1794 (AGF), 2011 WL 6029956, at *1 (E.D. Mo. Dec. 5, 2011). If so, then the court must consider whether a compelling need for the return exists, because the information sought is not readily obtainable from other sources. Id. The party seeking discovery of the tax returns bears the burden of establishing relevance, while the resisting party bears the burden of identifying an alternative source for the information. Id.

Defendant asserts that the income tax returns and associated schedules sought are relevant to the issue of whether or not plaintiff has mitigated her claimed back pay damages. Tax returns are invariably relevant in employment

2

discrimination litigation. For example, where adverse employment actions led to demotions or dismissal, then pecuniary damages may be calculated from the amount by which the employee's earnings were reduced. See generally Excel Corp. v. Bosley, 165 F.3d 635, 638-40 (8th Cir. 1999) (explaining pecuniary damages for front pay and back pay in Title VII actions). Where the employee is terminated, she must mitigate damages, and post-termination earnings may show the employee's efforts to satisfy this obligation. See Sellers v. Mineta, 358 F.3d 1058, 1066 (8th Cir. 2004). Tax returns provide evidence of an employee's earnings, and are thus relevant to these issues.

After relevancy is shown, the party resisting discovery must identify other documents beyond the tax return that will supply the needed information. See, e.g., E.E.O.C. v. Ceridian Corp., 610 F. Supp. 2d 995, 997 (D. Minn. 2008) ("In particular, if the party offers to show its earnings through tax forms such as W-2s and 1099s, then disclosure of complete returns is not necessary."); PSK, L.L.C., 2010 WL 2710507 at *2 (finding that plaintiff met its burden to show information in the tax returns was readily obtainable elsewhere by producing detailed spreadsheets showing monthly revenues, balance sheets showing assets and liabilities, and income statements showing revenue, expenses, and product costs).

Here, plaintiff has not met her burden of showing that the information in the tax returns is readily obtainable from records previously disclosed or other alternative sources. In response to defendant's request for production of the relevant tax returns and schedules, plaintiff simply states that she objects to producing them. Local Rule 3.04 provides that "[u]pon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if

the object is not stated in detail." E.D. Mo. L.R. 3.04.  Because the tax returns are relevant to the issue of mitigation and plaintiff has failed to identify an alternative source for the information, the Court will grant defendant's motion to compel.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the amended motion to compel filed by defendant MERS/Goodwill [Doc. #21] is **granted**.  Plaintiff shall have until **January 5, 2015** to either provide the defendant with copies of her 2013 federal income tax returns and associated schedules or complete an authorization form permitting defendant to obtain the information directly from the Internal Revenue Service.

**IT IS FURTHER ORDERED** that defendant's amended motion to compel [Doc. #20] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2014.